**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Silvia Uribe,

Plaintiff,

v.

Amazon.com Services, LLC, et al.,

Defendants.

Case No. 2:25-cv-01000-MMD-BNW

**ORDER**

Before this Court is Plaintiff Silvia Uribe's motion for sanctions under Federal Rule of Civil Procedure 37(b)(2). ECF No. 42. Defendants responded, and Plaintiff replied. ECF Nos. 46, 48. The parties are familiar with the briefing arguments. This Court does not repeat them but addresses them throughout this Order as needed. For the reasons set forth below, Plaintiff's motion is denied.

## I. <u>LEGAL STANDARD</u>

If a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The court has broad discretion to fashion appropriate sanctions. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (citing *O'Connell v. Fernandez–Pol*, 542 Fed.Appx. 546, 547–48 (9th Cir.2013)). But any sanction must be "just" and specifically related to the claim at issue in the order to provide discovery. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

Instead of or in addition to the orders the court may issue pursuant to Fed. R. Civ. P. 37(b)(2), the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

/ / /

/ / /

## II. DISCUSSION

Defendants do not dispute that they have not fully complied with this Court's June 24, 2026, order at ECF No. 40. Even so, the sanctions Plaintiff seeks—an adverse-inference instruction, evidentiary preclusion, a seven-day compliance deadline, and a coercive daily monetary sanction—are not commensurate with the conduct at issue.

Defendants represent that they are working in good faith to collect, validate, and produce the comparator information and ESI covered by this Court's order, and that the delay stems from the volume of records associated with the LAS7 facility, the need for HR validation and privacy review of personnel data, and unanticipated issues in their vendor's data collection. ECF No. 46 at 4–5. This Court takes Defendants at their word. On this record, this Court declines to impose evidentiary sanctions as suggested by Plaintiff. This Court likewise declines to impose a coercive daily sanction or a new compliance deadline at this time. Instead, this Court will require Defendants to file a status report which (a) confirms whether they have fully complied with the order at ECF No. 40 or (b) states what efforts have been undertaken since June 24, 2026, to fully comply with the order at ECF No. 40. This status report will be due by October 28, 2026.

Plaintiff's request for fees and costs under Rule 37(b)(2)(C) is also denied. Given Defendants' representation that they are working in good faith to comply with the order, which requires the collection and review of a substantial volume of records, an award of expenses would be unjust under the circumstances. *See* Fed. R. Civ. P. 37(b)(2)(C).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (ECF No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that, by October 28, 2026, Defendants must file a status report stating whether they have fully complied with this Court's June 24, 2026, order at ECF No. 40. If Defendants have not fully complied, the status report must identify what items remain outstanding and the date by which Defendants will complete production.

/ / /

/ / /

**IT IS FURTHER ORDERED** that the parties are to meet and confer by October 5, 2026, to (a) discuss this order, (b) discuss and/or set dates for the remaining depositions, and (c) discuss whether they will submit a stipulation to extend current deadlines.

**IT IS FURTHER ORDERED** that the hearing set for September 29, 2026, is **VACATED.**

**IT IS FURTHER ORDERED** that the parties' stipulation to continue the September 29, 2026, hearing (ECF No. 49) is **DENIED** as moot.

DATED: September 28, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE